IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MARSHALL JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.  2:14-14438 |
| MINE SAFETY AND HEALTH ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order Defendant, the federal Mine Safety and Health Administration (MSHA), to produce in a timely manner non-confidential records of investigations conducted pursuant to the federal Mine Safety and Health Act, 30 U.S.C. § 801, *et seq.*, (Mine Act) relating to the reinstatement of miners whose employers have retaliated against them for engaging in protected safety-related activity.

2. By causing months-long delays in releasing records requested by miners, Defendant is undercutting miners' rights to file an anti-retaliation complaint. This important right is central to the federal statutory framework for protecting miners' safety and health. The Mine Act affords miners the rights to participate on their own behalf in proceedings initiated by Defendant, and to file an administrative complaint on their own behalf within 30 days after Defendant has concluded investigations of alleged safety-related retaliation. Defendant's protracted delay in producing records

that are central to the complaint not only violates FOIA but also substantially impairs miners' due process interest in pursuing these time-limited claims regarding unlawful safety-related retaliation.

## PARTIES

3. Plaintiff Marshall J. Justice has worked as an underground coal miner for thirty years, and he resides in Madison, Boone County, West Virginia.

4. Defendant MSHA is an agency of the United States government that enforces the Mine Act and investigates miners' complaints about mine operators retaliating against workers for engaging in protected safety-related activity.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the case or controversy set forth in this complaint pursuant to 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because the Plaintiff resides in this district.

## FACTUAL ALLEGATIONS

**Plaintiff's Legal Rights under FOIA and the Mine Act**

7. FOIA requires federal agencies to respond to requests for information within twenty working days. 5 U.S.C. § 552(a)(6) ("Each agency, upon any request for records . . . shall (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request . . . .").

8. The Mine Act enables miners to notify Defendant about alleged instances of employers' retaliation for certain protected safety-related activity. Mine Act § 105(c)(1), (2), 30

U.S.C. § 815(c)(1), (2) (prohibiting anyone from discharging, discriminating against, or interfering with the exercise of miners' rights, and providing for miners to notify Defendant of allegations).

9. When miners notify Defendant of alleged retaliation, Defendant conducts an investigation and determines whether or not to cite the responsible mine operator for a violation of the Mine Act. 30 U.S.C. § 815(c)(2). During the course of this investigation, MSHA amasses documents and witness statements regarding the alleged retaliation. MSHA does not automatically provide these materials to the miner.

10. The complaining miners have a right to participate on their own behalf in administrative proceedings that occur in response to their allegations. 30 U.S.C. 815(c)(2)("The complaining miner, applicant, or representative of miners may present additional evidence on his own behalf during any hearing held pursuant to this paragraph."). Further, if Defendant concludes its investigation and determines not to issue a violation, the Mine Act provides the complaining miner with the right to file a separate administrative complaint on his or her own behalf within 30 days of receiving notice of Defendant's determination not to issue a violation. 30 U.S.C. § 815(c)(3) ("[T]he complainant shall have the right, within 30 days of notice of the Secretary's determination, to file an action in his own behalf before the Commission, charging discrimination or interference."). Miners filing separate complaints have a right to a hearing in accordance with the Administrative Procedure Act, 5 U.S.C. § 554. *See id*.

**Plaintiff Has Attempted to Exercise His Rights under FOIA and the Mine Act**

11. In 2013, Plaintiff notified Defendant that he believed that he had been discriminated against in violation of section 105(c)(1) of the Mine Act.

12. On December 5, 2013, by and through his representative, Plaintiff requested pursuant to FOIA that Defendant provide a copy of all non-privileged portions of the completed investigation file relating to Plaintiff's anti-retaliation complaint. A copy of the December 5 FOIA request letter, notice of representation, and copies of related responses by Defendant, are attached as Exhibit 1.

13. In a letter to Plaintiff, dated December 30, 2013, Defendant notified Plaintiff that it had concluded its investigation into Plaintiff's allegation, and had determined not to issue a violation.

14. In a letter to Plaintiff, dated January 24, 2014, Defendant acknowledged receipt of the December 5, 2013, FOIA request and stated that "we estimate that you will receive a response within 90 working days of the date of this letter." The letter asserted in conclusory fashion, without adequate explanation, that there were "unusual circumstances surrounding the records you are seeking" and therefore "the statutory time limits for processing your request cannot be met." Without further explanation of the protracted length of the anticipated delay, the letter stated that "[t]here is a need to search for and collect records from separate offices." A copy of Defendant's January 24 letter is attached as Exhibit 2.

15. (a) On March 18, Plaintiff inquired about the status of the FOIA request.

(b) Defendant's agent responded by electronic mail, stating that "I am working on finalizing our response now and anticipate finishing the processing of your request this week. It may be another week or two before the documents are approved for mailing however." Defendant provided no further explanation for this additional delay. A copy of Defendant's March 18 response is attached as Exhibit 3.

16. Defendant still has not produced the requested materials, or indicated the scope of the documents it will produce or the exemptions it will claim with respect to any withheld documents.

17. Defendant has developed a pattern and practice of unreasonably delaying the production of the administrative record in response to requests by anti-retaliation complainants who make time-sensitive requests for these records during the pendency of complaints filed under section 105(c)(3) of the Mine Act, thus systemically depriving miners of their right to pursue these claims.

## COUNT ONE – VIOLATION OF FOIA

18. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant's denial of such access.

19. Defendant has violated 5 U.S.C. § 552 by failing to respond substantively, and by failing to release the requested records, within twenty working days of Plaintiff's request for the records.

20. Defendant has violated 5 U.S.C. § 552 by providing an overly broad explanation of the basis for the delayed response such that Plaintiff was not provided with an adequate justification for the protracted length of the delay in producing the records requested.

21. Plaintiff seeks the release of the records which Defendant is now withholding.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Order Defendant to provide access to the requested documents;

(b) Expedite this proceeding as provided for in 28 U.S.C. § 1657; and

(c) Award to Plaintiff his costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E).

## COUNT TWO – DECLARATORY RELIEF

22. The federal Declaratory Judgement Act provides that, with certain exceptions inapplicable here, any federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "Further necessary or proper relief based on a declaratory judgment or decree may be granted." 28 U.S.C. § 2202.

23. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendant's denial of such access.

24. Defendant is violating 5 U.S.C. § 552 by its continual delays and overly broad denials of requests for information in anti-retaliation cases arising under section 105(c)(3) of the Mine Act.

25. Prompt release of information requested by complainants in each anti-retaliation proceeding under the Mine Act is essential to the full and fair vindication of the complainant's time-limited statutory right to seek relief on his or her own behalf.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Issue a declaration that Defendant's conduct is in violation of FOIA and frustrates miners' rights to pursue health and safety related complaints under section 105(c) of the Mine Act, and that consequently Defendant is required provide all documents and materials relevant to a miner's complaint promptly upon the miner's request, and at most within the statutory period of 20 working days, to enable miners to meaningfully pursue their complaints concerning unlawful retaliatory violations of the Mine Act.

(b) Award any additional relief that the Court deems equitable and just, including the award of Plaintiff's reasonable attorney fees and costs.

Plaintiff,
**Marshall Justice,**
By counsel:

/s/ Jennifer S. Wagner
Jennifer S. Wagner (WVSB 10639)
Dan Hedges (WVSB 1660)

Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
(304) 344-3145 (fax)