```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**MARSHALL JUSTICE,**

    Plaintiff,

v.                                                Civil Action No. 2:14-14438

**MINE SAFETY AND HEALTH
ADMINISTRATION,**

    Defendant.


<u>MEMORANDUM OPINION & ORDER</u>

Pending is a motion to stay discovery and to modify the scheduling order, filed by the defendant, the Mine Safety and Health Administration ("MSHA"), on November 21, 2014. The plaintiff responded in opposition on December 5, 2014.

I.

The dispute in this case arises out of the defendant's allegedly unsatisfactory response to the plaintiff's request under the Freedom of Information Act (the "FOIA") for documents pertaining to his administrative complaint against his employer. The complaint contains two counts: Count I alleges that MSHA violated the FOIA by "failing to respond substantively, and by failing to release the requested records, within twenty working

days of the [p]laintiff's request for the records," and "seeks release of the records which [d]efendant is now withholding." Compl. ¶¶ 19-21. Count II, as originally pled, requested an order pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that MSHA

> is in violation of FOIA and frustrates miners' rights to pursue health and safety related complaints under [the Mine Act], and that consequently [MSHA] is required [to] provide all documents and materials relevant to a miner's complaint promptly upon the miner's request, and at most within the statutory period of 20 working days, to enable miners to meaningfully pursue their complaints concerning unlawful retaliatory violations of the Mine Act.

Compl. ¶ 25(a). MSHA maintains that it "responded fully" to the plaintiff's request and "provided all records required to be disclosed" on May 2, 2014. See Answer ¶¶ 16, 21. In support of its motion to stay, the agency has submitted what appears to be the substance of its response, including more than 100 pages of records, many of which are redacted to varying degrees. See Defendant's Motion to Stay Discovery and Amend the Scheduling Order ("Def.'s Stay Mot."), Ex. A.

On July 31, 2014, MSHA moved to dismiss Count II, objecting principally to the breadth of the relief requested. In response, the plaintiff clarified that, notwithstanding its broad wording, Count II sought only "a declaratory judgment that . . . [p]laintiff has a right under the [FOIA] . . . to access

2

certain records of the government's investigation into the discrimination complaint that [p]laintiff filed with [MSHA.]" See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Count II ("Pl.'s Opp'n") at 1. On the basis of that limitation, the court denied MSHA's motion to dismiss as premature, explaining that both counts essentially sought to force the disclosure of certain documents alleged to have been wrongfully withheld by the agency. See Order herein of January 23, 2015.

      MSHA has now moved for a stay of discovery, arguing that the dispute over the propriety of its response to Justice's FOIA request can be adequately resolved on a motion for summary judgment supported by affidavits describing the agency's search, the materials contained in its response, and the basis for withholding any information that was not disclosed.

                             II.

      "As a general rule," questions about whether an agency has adequately responded to a FOIA request "should be resolved on summary judgment." Hanson v. USAID, 372 F.3d 286, 290 (4th Cir. 2004). At the same time, those questions are "not well suited for adversary proceedings,"

"because releasing the requested material for argument would often defeat the purpose of the FOIA's exemptions." Simmons v. U.S. Dep't of Justice, 796 F.2d 709, 710 (4th Cir. 1986). The defendant contends that risk is presented here, inasmuch as the plaintiff's interrogatories and requests for production seek to discover documents and information embraced by the disputed FOIA request. Def.'s Mot. at 3.

To prevent such an end-run, district courts have "the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case." Simmons, 796 F.2d at 711-12. Those affidavits, explaining the basis for the agency's response to the plaintiff's FOIA request, "must be 'relatively detailed' and nonconclusory and must be submitted in good faith. But if these requirements are met, the district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits." Id. at 712 (quoting Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978)). Thus, "[d]iscovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains." Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006) (internal

4

quotation marks and citation omitted); see also Thomas v. U.S. Dep't of Health & Human Servs., 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) (remarking that "discovery is an extraordinary procedure in a FOIA action").

In response, the plaintiff asserts that this case does not present a "garden variety FOIA case." Plaintiff's Response to Defendant's Motion to Stay ("Pl.'s Resp.") at 2. Specifically, the plaintiff claims that Count II seeks to "ascertain whether MSHA's policies are consistent with FOIA, and whether those policies were adhered to during the five-month delay in [d]efendant's response to [p]laintiff's FOIA request." Id. Thus, in "order to prove his case," Justice argues that he "must determine what caused the five-month delay, which policy (if any) MSHA applied . . . and whether the [information] that [is] centrally at issue [was] withheld in conformity with MSHA's own FOIA policies at the time [it was] withheld." Id. He maintains that discovery relating to MSHA's "search and production of the requested documents" should be allowed to go forward unimpeded. Id. at 8 (citing Heily v. U.S. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003) ("When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures.")).

5

The defendant replies that any discovery relating to the agency's search would be premature.  Defendant's Reply at 2-3.  The court agrees.  Any factual disputes involving the issues identified by the plaintiff -- such as whether the agency engaged in a good-faith search for all materials -- are likely to arise only <u>after</u> the defendant has submitted its affidavits.  As another court has explained,

> cases uniformly establish that discovery may proceed in a FOIA controversy when a factual issue arises concerning the adequacy or completeness of the government search and index.  But they further establish a self-evident principle: a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law.

<u>Murphy v. F.B.I.</u>, 490 F. Supp. 1134, 1137 (D.D.C. 1980) (citing precedent from the D.C. Circuit); <u>see also</u> <u>Taylor v. Babbitt</u>, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("Postponing discovery until the government has submitted its dispositive motion and supporting documents allows the court to obtain information necessary to appropriately limit the scope of discovery or forego it entirely.").

This is not to say that some limited discovery may not ultimately prove necessary.  As this court has previously explained, an agency's <u>Vaughn</u> index[1] and affidavits "must 'afford

---

[1] "A <u>Vaughn</u> index is a list describing the documents an agency [has withheld].  The list must include sufficiently detailed

6

the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" Keeper of the Mountains Foundation v. U.S. Dep't of Justice, 514 F. Supp. 2d 837, 847 (S.D. W. Va. 2007) (quoting King v. U.S. Dep't of Justice, 830 F.2d 210, 218 (D.C. Cir. 1987)). Should MSHA's submissions fail to meet that standard, the plaintiff may renew his request to conduct limited discovery at that time. See Taylor, 673 F. Supp. 2d at 23 ("If, after the government has submitted its motion for summary judgment, the plaintiff is unable to oppose the motion without further discovery, he may file a Rule 56(f) motion.").

### III.

The defendant's motion is granted. It is ORDERED that discovery in this case be, and it hereby is, stayed. It is further ORDERED that this case shall proceed as follows:

| Deadline | Date |
|---|---|
| Defendant's Vaughn index due | 02/16/2015 |
| Defendant's motion for summary judgment | 03/02/2015 |
| Plaintiff's response | 03/16/2015 |
| Defendant's reply | 03/23/2015 |

---

information to enable a district court to rule whether the document falls within a FOIA exemption." Rein v. USPTO, 553 F.3d 353, 357 n.6 (4th Cir. 2009).

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 23, 2015

John T. Copenhaver, Jr.
United States District Judge