```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**MARSHALL JUSTICE,**

    Plaintiff,

v.                               Civil Action No. 2:14-14438

**MINE SAFETY AND HEALTH ADMINISTRATION,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Pending is a motion to dismiss Count II of the complaint, filed by the Mine Safety and Health Administration ("MSHA") on July 31, 2014.

## I. Background

The plaintiff, Marshall Justice, is a coal miner who lives in Madison, West Virginia, Compl. ¶ 3, and was at one time employed by the Gateway Eagle Coal Company, see Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Count II ("Def.'s Reply"), Ex. A at 1.[1]  In

---

[1] Courts generally "do not consider extrinsic evidence when evaluating the sufficiency of a complaint" pursuant to a motion under Rule 12(b)(6) or Rule (12)(c).  See Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014); Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013).  But certain categories of documents, including matters that are part

November 2013, Marshall filed a complaint with MSHA (the "MSHA complaint"), alleging that he had been discriminated or retaliated against in violation of the Mine Safety and Health Act, 30 U.S.C. §§ 801-966 (2012) (the "Mine Act"). See Compl. ¶ 11 (stating that plaintiff was discriminated against under § 815(c)(1) of the Mine Act, which provides, among other things, that no person shall discharge or in any manner discriminate against any miner because such miner has filed or made a complaint under the Mine Act concerning an alleged danger or safety or health violation). On December 5, 2013, Justice asked MSHA, under the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"), for a copy of all non-privileged portions of the completed investigative file relating to his complaint, presumably against his employer. Compl. ¶ 12.

On December 30, 2013, MSHA wrote to Justice, and explained that it had investigated his allegations, but decided not to "issue a violation."[2] Compl. ¶ 13. The complaint in this action does not say so, but it appears that Justice thereafter invoked his right, under 30 U.S.C. § 815(c)(3), to pursue the

---

of the public record, may be considered without the need to convert the motion into one for summary judgment. See Philips v. Pitt Cnty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[2] Presumably, the letter constituted the Secretary of Labor's final determination that no violation of the Mine Act had occurred. See 30 U.S.C. § 815(c)(2), (3).

MSHA complaint on his own behalf before the Federal Mine Safety and Health Review Commission.  See Compl. ¶ 10 (citing § 815(c)(3) ("If the Secretary, upon investigation determines that the provisions of this subsection have not been violated, the complainant shall have the right, within 30 days of notice of the Secretary's determination, to file an action in his own behalf before the Commission[.]")); see also Def.'s Reply, Ex. A at 1 (containing an order from the Commission's Office of Administrative Law Judges, dated August 22, 2014, in Justice v. Gateway Eagle Coal Co., WEVA 2014-559).

By letter dated January 24, 2014, MSHA acknowledged Justice's FOIA request for the investigative file relating to his MSHA complaint.  Compl. ¶ 14.  According to the letter, there were "unusual circumstances surrounding the records [Justice was] seeking," and "a need to search for and collect records from separate offices."  Id.  As a result, the defendant stated that the twenty-day "statutory time limits for processing [the] request [could not] be met," and estimated that it would take ninety working days to provide a response.  Id.  By the time this action was initiated on April 10, 2014, the plaintiff asserts that the defendant had still not produced the requested materials.  Compl. ¶ 16.

3

Justice claims that MSHA has "developed a pattern and practice of unreasonably delaying the production of the administrative record in response to requests by anti-retaliation complainants who make time-sensitive requests for these records during the pendency of complaints filed under [§ 815(c)(3)] of the Mine Act, thus systemically depriving miners of their right to pursue these claims." Compl. ¶ 17. In Count I, he charges MSHA with violating the FOIA by "failing to respond substantively, and by failing to release the requested records, within twenty working days of [his] request for records." He seeks "the release of the records which [MSHA] is now withholding." Compl. ¶¶ 19-21. In Count II, Justice requests an order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that MSHA

> is in violation of FOIA and frustrates miners' rights to pursue health and safety related complaints under [the Mine Act], and that consequently [MSHA] is required [to] provide all documents and materials relevant to a miner's complaint promptly upon the miner's request, and at most within the statutory period of 20 working days, to enable miners to meaningfully pursue their complaints concerning unlawful retaliatory violations of the Mine Act.

Compl. ¶ 25(a).

MSHA answered the complaint in this action on July 10, 2014, denying most, though not all, of the factual allegations as stated in the complaint. Of greatest significance, the

4

defendant denied failing to respond to Justice's FOIA request, instead asserting that it "responded fully . . . and provided all records required to be disclosed," on May 2, 2014.  See Answer ¶¶ 16, 21.  Three weeks later, on July 31, 2014, MSHA filed the pending motion to dismiss Count II of the plaintiff's complaint.  The defendant asserts that Count II should be dismissed under Rule 12(b)(1) because the court lacks subject matter jurisdiction, under Rule 12(b)(3) in that venue in this district is improper, and under Rule 12(b)(6) because Count II fails to state a claim upon which relief can be granted.[3]

---

[3] MSHA filed the motion to dismiss after its answer, and so it is technically a motion for judgment on the pleadings.  See Fed. R. Civ. P. 12(c) ("After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  The distinction is largely, though not completely, immaterial.  The Rule 12(b)(3) argument alleging improper venue is waived, because it was not asserted in a pre-answer motion under Rule 12, or in the answer itself.  See Fed. R. Civ. P. 12(h)(1)(B).

   The remaining arguments remain viable, and are assessed as though raised in a motion brought under Rule 12(b).  See Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised[] by a motion under Rule 12(c)") and 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Edwards, 178 F.3d at 243 (construing a post-answer 12(b)(6) motion as "a Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted."); 5C Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1367 (3d ed.) ("[I]f any of these procedural defects are asserted upon a Rule 12(c) motion, presumably the district court will apply the same standards for granting the appropriate relief or denying the motion as it would have

Defendant's Memorandum in Support of Motion to Dismiss Count II ("Def.'s Mem.") at 1.

## II. Discussion

The defendant primarily objects to the scope of Count II as it is framed in the plaintiff's complaint, noting that the requested declaration appears so broadly worded as to implicate MSHA's FOIA practices with respect to "miners" generally, rather than Justice, specifically.  See, e.g., Def.'s Mem. at 1-2 ("Count II is an unsolicited request on behalf of other miners for documents[.] . . . To the extent [Justice] disagrees with MSHA's disclosure practices with respect to other miners, the other miners' [sic] can pursue relief via the discovery process before administrative judicial officers.").  MSHA argues that Justice has no constitutional, prudential, or statutory standing to pursue a declaration of the rights of other miners, or to challenge the legality of MSHA's handling of FOIA requests by other miners.  See Def.'s Mem. at 6-9 (requesting dismissal under Rule 12(b)(1) because the speculative nature of the relief requested precludes constitutional and prudential standing), 9-10 (requesting dismissal under Rule 12(b)(6) because the

---

employed had the motion been brought prior to the defendant's answer under Rules 12(b)(1), (6), or (7) or under Rule 12(f).").

6

plaintiff lacks statutory standing to request relief on behalf of other miners).

Although the wording of Count II is broad, see Compl. ¶ 25(a) (requesting a declaration that MSHA "is in violation of FOIA and frustrates miners' rights to pursue health and safety related complaints under [the Mine Act]" (emphasis added)), the plaintiff's response to the motion to dismiss effectively narrows the scope of the relief requested.  Specifically, the plaintiff states that he is only seeking a "declaration of his own rights as a miner complainant under the Mine Act." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Count II ("Pl.'s Opp'n") at 6.  Applying the plaintiff's limitation, the court construes Count II, quoted at page 4, supra, to request a declaration that MSHA:

> violat[ed] . . . FOIA and frustrate[d] [Justice's] rights to pursue [a] health and safety related complaint[] under [the Mine Act], and that . . .[MSHA] [wa]s required [to] provide all documents and materials relevant to [Justice's] complaint promptly upon [his] request, and at most within the statutory period of 20 working days, to enable [Justice] to meaningfully pursue [his] complaint[] concerning unlawful retaliatory violations of the Mine Act.

Or, in the plaintiff's words, "Count II seeks a declaratory judgment that . . . [p]laintiff has a right under the [FOIA] . . . to access certain records of the government's investigation

7

into the discrimination complaint that [p]laintiff filed with [MSHA.]"  See Pl.'s Opp'n at 1.

So understood, the relief requested in Count II essentially mirrors Count I -- that is, Count I alleges that MSHA violated the FOIA by failing to respond to Justice's request and seeks the release of the requested documents, and Count II simply seeks a declaration confirming those allegations and directing that result.  Cf. Laroche v. U.S. Securities & Exchange Comm'n, No. 05-4760, 2006 WL 2868972, at *5 (N.D. Cal. Oct. 6, 2006) ("The [c]ourt finds that LaRoche has failed to establish that he is entitled to relief [under the FOIA] on any of the underlying claims, and therefore he cannot be entitled to relief under the [Declaratory Judgment Act]."); Detroit Free Press, Inc. v. U.S. Dept. of Justice, 16 F. Supp. 3d 798, 811 (E.D. Mich. 2014).

Justice argues that he has standing to pursue his declaratory judgment claim on that limited basis.  See Pl.'s Opp'n at 4 (arguing that "the existence of a factual controversy establishing [Justice's] standing to seek declaratory judgment is not even disputed insofar as [MSHA] has not moved to dismiss Count I"), 5 ("There is no dispute about the justifiability of the case or controversy between these parties in this matter insofar as [MSHA] has not moved to dismiss Count I of the

8

[c]omplaint."). The court agrees. Justice has a definite and concrete interest in the dispute over his own FOIA request, and the resolution of that dispute will yield specific and conclusive relief. See White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 167-68 (4th Cir. 1990) (To satisfy the case or controversy requirement in Declaratory Judgment Act cases there must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

In its reply, MSHA argues that Count II should nevertheless be dismissed because "declaratory relief is generally unavailable under FOIA[.]" The defendant asserts that "FOIA remedies authorize a district court to (1) enjoin the improper withholding of records, and (2) order production of the subject records," but "['][a] declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III of the Constitution.[']" Def.'s Reply at 1-2 (quoting Payne Enters. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988)).

9

In other words, once a FOIA request has been satisfied, the parties' interests are no longer adverse and the concrete dispute between them has been resolved, therefore the need for any further declaration of their respective rights is obviated.[4] That's sensible, and comports with our own court of appeals'

---

[4] An exception to that rule may arise where a plaintiff alleges that an "agency policy or practice will impair [his] lawful access to information in the future," and the plaintiff pleads facts showing he will continue to be harmed, with respect to future requests, by the application of an agency's improper FOIA policy. Payne Enters., 837 F.2d at 491 & n.8 (permitting request for declaratory relief regarding an agency's FOIA policy to go forward where plaintiff alleged he made several FOIA requests, all were improperly denied, and the nature of the plaintiff's business made it likely he would continue to be harmed by the improper denial of future requests). Some aspects of the complaint suggest that Justice takes issue with MSHA's FOIA policy in general, rather than its response to his request, specifically. See, e.g., Compl. ¶ 17 (asserting that MSHA has "developed a pattern and practice of unreasonably delaying the production of the administrative record in response to requests by anti-retaliation complainants"). And, in his response to the motion to dismiss, Justice for the first time asserts that he has "requested safety-related information under FOIA at other times," that he "continues to work in the mining industry," that "he maintains an acute and ongoing interest in exercising his whistleblower rights," and that he "therefore seeks declaratory judgment to clarify his right to receive timely, adequate responses to his FOIA requests relating to his whistleblower complaints under the Mine Act." Id. at 3 (emphases added). But those allegations are not found in the complaint, and "the complaint may not be amended by the briefs in opposition to a motion to dismiss." View Point Med. Sys., LLC v. Athena Health, Inc., 9 F. Supp. 3d 588, 604 n.12 (D. Md. 2014) (citation omitted). Accordingly, for purposes of analyzing MSHA's motion to dismiss, the court construes Count II to seek a declaration regarding only MSHA's handling of the plaintiff's December 5, 2013 FOIA request. See Pl.'s Opp'n at 1 ("Count II seeks a declaratory judgment that . . . [p]laintiff has a right under the [FOIA] . . . to access certain records of the government's investigation into the discrimination complaint that [p]laintiff filed with [MSHA.]").

pronouncements on the nature and limitations of declaratory judgments. Cf. White, 913 F.2d at 167-68 ("The question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (quoting Md. Cas. Co. v. P. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

But assuming that a declaration concerning the propriety of an agency's response to a FOIA request would be improper once the requested documents have been disclosed does not require the dismissal of Count II because, as noted, Justice alleges that MSHA has not yet disclosed the documents pertinent to his FOIA request. Compl. ¶¶ 16, 21. MSHA clearly disagrees, see Answer ¶¶ 16, 21, but it has not moved to dismiss the case as moot, and, at this stage, the court is constrained to accept the facts pled in the complaint as true. See Butler v. United States, 702 F.3d 749, 751-52 (4th Cir. 2012) ("We review de novo the district court's ruling on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in doing so, apply the standard for a Rule 12(b)(6) motion."). Moreover, even if MSHA has responded in some manner to the plaintiff's request (as subsequent filings in this case suggest), Count I charges the agency with "failing to respond

11

substantively" and Count II references MSHA's "overly broad denials of requests for information," indicating that a live controversy over the content of that response may yet remain.

### III. Conclusion

As it stands, then, Count II as defined and limited by the plaintiff in his opposition to the motion to dismiss is largely duplicative of Count I.  It need not be dismissed because, accepting the facts in the complaint as true, a live controversy over the plaintiff's FOIA request (and MSHA's response) remains unresolved.  Accordingly, MSHA's motion to dismiss Count II is denied as premature.

The Clerk is directed to transmit a copy of this order to all counsel of record and any unrepresented parties.

ENTER: January 23, 2015

John T. Copenhaver, Jr.
United States District Judge