```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                     CHARLESTON
```

**MARSHALL JUSTICE,**

    Plaintiff,

v.                                Civil Action No. 2:14-cv-14438

**MINE SAFETY AND HEALTH ADMINISTRATION,**

    Defendant.

### NOTICE OF DISCLOSURE
### BY THE MINE SAFETY AND HEALTH ADMINISTRATION

As directed by the Court in its Memorandum Opinion and Order entered in this matter on July 31, 2015 (ECF No. 39), the Mine Safety and Health Administration made the attached disclosure to Plaintiff's counsel on August 18, 2015.

                        MINE SAFETY AND HEALTH ADMINISTRATION,

                        By counsel,

                        R. BOOTH GOODWIN II
                        United States Attorney
                        /s/ GARY L. CALL
                        WV State Bar No. 589
                        Assistant United States Attorney
                        P.O. Box 1713
                        Charleston, West Virginia 25326
                        T: 304-345-2200
                        F: 304-347-5440

**Dated: August 18, 2015**        E: gary.call@usdoj.gov

**Of Counsel:**
**EMILY S. WHITTEN**
**D.C. Bar No. 976877**
Attorney-Advisor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210

### CERTIFICATE OF SERVICE

I certify that I filed the **NOTICE OF DISCLOSURE BY THE MINE SAFETY AND HEALTH ADMINISTRATION** today using the CM/ECF system which will send notification of such filing to all CM/ECF participants including Samuel B. Petsonk, Jennifer S. Wagner, and Daniel F. Hedges.

                                            /s/  GARY L. CALL_____
Dated: August 18, 2015         Assistant United States Attorney

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5440

August 18, 2015

**VIA E-MAIL and U.S. MAIL**

Samuel B. Petsonk
1031 Quarrier St., Ste. 200
Charleston, WV 25301
**E-mail:** sam@msjlaw.org

Re: MSHA Inspectors' Memoranda of Interview
    *Marshall Justice v. Mine Safety and Health Administration*
    Civil Action No. 2:14-cv-14438

Dear Sam:

On July 31, 2015, United States District Judge John T. Copenhaver, Jr. issued a Memorandum Opinion and Order in this matter denying Plaintiff's Motion to Amend the Complaint; denying Plaintiff's Motion for Summary Judgment with respect to all documents in the Mine Safety and Health Administration ("MSHA") file at issue except for pages MSHA000090 to MSHA000093, described in the *Vaughn* Index as Memoranda of Interview ("MOIs") of MSHA inspectors; and granting Defendant's Motion for Summary Judgment with respect to all documents except for those four pages.

It was ordered that MSHA re-review, in accordance with the court's legal discussion within the Opinion and Order, the MSHA inspectors' MOIs for potential segregability, and that MSHA confer with your client within twenty days of the Opinion and Order in an attempt to reach an agreement regarding the release of any segregable information within the inspector MOIs. As per the Opinion and Order, MSHA has re-reviewed the two inspector MOIs at issue, and, in an attempt to settle this matter and reach agreement, is herein providing redacted versions of the MSHA inspector MOIs. MSHA proposes an agreement that provision of these redacted documents is satisfactory and resolves the dispute over these documents without the need for further adjudication.

Samuel B. Petsonk
August 18, 2015
Page Two

The four pages at issue were originally withheld under the deliberative process privilege encompassed within Freedom of Information Act ("FOIA") Exemption 5, as well as under Exemption 7(C) to protect the MSHA inspectors interviewed from an unwarranted invasion of privacy. This withholding under Exemptions 5 and 7(C) is in keeping with MSHA's longstanding practice of withholding special investigation statements taken from inspectors. MSHA's reconsideration of the two inspector MOIs at this time is for settlement purposes only and would not be precedential in future FOIA release determinations.

Exemption 5 encompasses the deliberative process privilege. Information is privileged under the deliberative process privilege if the records are predecisional and deliberative. As noted by the court, there is no dispute in this matter regarding whether the records are predecisional. Mem. Op. and Order at 22.

As you have conceded, "[t]o the extent that the interviewee inspectors' testimony includes their opinions about what is important for the purposes of . . . investigation . . . those opinions . . . should be redacted[.]" Pl.'s Mem. at 8. As stated in *Lurie v. the Department of the Army* and cited by the court, "[w]itness statements . . . raise Exemption 5 questions where the witnesses include among their version of the facts their opinions and recommendations." *See Lurie v. Dep't of Army*, 970 F. Supp. 19, 34-35 (D.D.C. 1997).

While some information is now being released for settlement purposes, MSHA continues to withhold a portion of each of the two inspectors' MOIs containing specific opinion testimony related to the investigation. The information withheld includes the opinions of MSHA inspectors regarding the merits of Justice's complaint, which may be withheld as per Exemption 5 and the legal discussion in Judge Copenhaver's Memorandum Opinion and Order. Mem. Op. and Order at 26.

MSHA is also continuing to withhold the personal information of the MSHA inspectors under FOIA Exemption 7(C). The court agrees that MSHA inspectors clearly have a privacy interest in protecting personal information, such as their names, titles, home addresses, home telephone numbers, fax numbers, signatures, and license plate numbers from public disclosure and states that "[p]ersonal information concerning

Samuel B. Petsonk
August 18, 2015
Page Three

the identities of the inspectors falls within the ambit of Exemption 7(C) and may be redacted." *See* Mem. Op. and Order at 29, 32.

As the Court of Appeals for the Fourth Circuit has explained, "FBI agents, government employees, third-party suspects, and other third parties mentioned or interviewed in the course of the investigation have well-recognized and substantial privacy interests in" information consisting primarily of "identifying information," and Fourth Circuit precedent leaves no doubt that "individuals have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment." *Neely v. F.B.I.*, 208 F.3d 461, 464-65 (4th Cir. 2000).

Further, as MSHA has previously stated, disclosing the identities of MSHA inspectors interviewed in connection with the investigation, or of information contained therein, could subject sources to retaliation, harassment, or intimidation. Def.'s Resp. at 2-5. MSHA inspectors maintain a close working relationship with mine personnel with whom they are likely to have repeated and ongoing relationships, and the MOIs contain candid discussions of people and events, and may include personal opinions. *Id.* Release of these statements may adversely impact other routine inspections and accident investigation functions involving the same mine. *Id.*

In accordance with the court's order that MSHA confer with your client regarding the disclosure of information contained in the MSHA inspector MOIs, MSHA requests that your client review the provided redacted MSHA inspector MOIs as the proposed settlement of this issue. If your client disagrees with the proposed settlement stating that the release of these redacted MSHA inspector MOIs resolves all remaining document disputes in this matter, MSHA requests that you formally state this disagreement in a court filing on or before August 31, 2015. In addition, please note that MSHA's provision of further information pursuant to the court's Opinion and Order and as a good-faith offer of settlement in the instant matter does not alter MSHA's general policy when processing FOIA requests with regard to MSHA employee MOIs.

Samuel B. Petsonk
August 18, 2015
Page Four

    If you have any questions regarding this matter please contact me at 304-345-2200 or gary.call@usdoj.gov.

                                    Sincerely,

                                    R. BOOTH GOODWIN II
                                  United States Attorney

By:

                                  GARY L. CALL
                                  WV State Bar No. 589
                                  Assistant United States Attorney
                                  P.O. Box 1713
                                  Charleston, West Virginia 25326
                                  T: 304-345-2200
                                  F: 304-347-5440
                                  E: gary.call@usdoj.gov

Of Counsel:

    EMILY S. WHITTEN
    D.C. Bar No. 976877
    Attorney-Advisor
    U.S. Department of Labor
    200 Constitution Avenue, N.W.
    Washington, DC 20210



## MEMORANDUM OF INTERVIEW OF (b) (7)(C)

Case No. Pine-CD-2014-01

Date and time of interview: 12/04/2013

5:45 p.m. to 6:15 p.m.

Name: (b) (7)(C)

Address: P.O. Box 650 Pineville, WV 24874

Telephone No. 304-732-8010

Location of Interview: Pineville Field Office

Present: (b) (7)(C) _____ (Interviewee)

n/a _____ (Others present)

Interview conducted by MSHA Investigator Carey Clarkson

You understand that this statement will be held in confidence by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the statement in a formal proceeding. After the case is closed, the information will be held in confidence to the extent provided by law.

GIVEN _____ NOT GIVEN __xx____

MSHA Form 7000-57, Aug.05                Page 1 of 2                Exhibit 21 pg 1

## MEMORANDUM OF INTERVIEW OF (b) (7)(C)



MSHA (b) (7)(C) stated on 10/24/2013 that he and (b) (7)(C) conducted a post inspection conference with Charles Childers, Ray McGrady, Dale Helmandollar, and Marshall Justice.

(b) (7)(C) stated he was discussing with General Manager, Charles Childers why it appeared that the mine was putting production ahead of safety. At that point (b) stated Justice entered the room and that's (b) (7)(C), (b) (5) (b) (7)(C), (b) (5)

While talking with management about the day's inspection activities (b) stated that a discussion came up about union employees being responsible for scaling top and ribs on the section. At that point (b) stated Marshall Justice spoke up and said something along the lines of, "I have never heard that" and a discussion about the work description of union men continued. (b) stated at that point he proceeded outside (b) (7)(C) (b) (7)(C) (7)

(b) (7)(C) came back into the office to deliver management there citations/orders and proceeded to his vehicle. At that point (b) stated Marshall Justice came outside of his vehicle and stated management harassed him and that he wanted to file a 105c complaint. (b) gathered Justice's information and told him he would forward it to the SI department.

I have prepared this memorandum on 12/04/2013 after refreshing my memory from notes made during and immediately after the interview.

_____ (Investigator)

I verify that this memorandum has recorded in it a summary of all pertinent matters discussed with the interviewee (b) (7)(C)

_____ (Investigator)

# MEMORANDUM OF INTERVIEW OF (b) (7)(C)



Case No. PINE-CD-2014-01

Date and time of interview:  12/04/2013

    6:15   p.m. to   6:45   p.m.

Name: (b) (7)(C)

Address: P.O. Box 650 Pineville, WV 24874

Telephone No.  304-732-8010

Location of Interview  Pineville Field Office

Present: (b) (7)(C) _____ (Interviewee)

    n/a _____ (Others present)

Interview conducted by MSHA Investigator  Carey Clarkson

You understand that this statement will be held in confidence by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the statement in a formal proceeding. After the case is closed, the information will be held in confidence to the extent provided by law.

GIVEN _____  NOT GIVEN __xx__

MSHA Form 7000-57, Aug.05          Page 1 of 2          Exhibit 22 pg



## MEMORANDUM OF INTERVIEW OF (b) (7)(C)

MSHA (b) (7)(C) (b) (7)(C) stated on 10/24/2013 that he and (b) (7)(C) conducted a post inspection conference with Charles Childress, Ray McGrady, Dale Helmandollar, and Marshall Justice.

(b) (7)(C) stated while in the office (b) (7)(C), (b) (5) (b) (7)(C), (b) (5) stated he left the office sometime shortly after Justice arrived to change clothes at his vehicle.

(b) (7)(C) stated as he and (b) (7) were leaving mine property in the vehicle Justice came out and stated he was being harassed and wanted to file a 105c complaint. (b) (7)(C) stated (b) (7) took down his information and (b) (7) told Justice he would pass it on to the SI department.

I have prepared this memorandum on 12/05/2013 after refreshing my memory from notes made during and immediately after the interview.

_____  (Investigator)

I verify that this memorandum has recorded in it a summary of all pertinent matters discussed with the interviewee (b) (7)(C)

_____  (Investigator)