```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**MARSHALL JUSTICE,**

    Plaintiff,

v.                                     Civil Action No. 2:14-14438

**MINE SAFETY AND HEALTH
ADMINISTRATION,**

    Defendant.


<u>**MEMORANDUM OPINION & ORDER**</u>

Pending are cross motions for summary judgment filed on March 2 and March 16, 2015, respectively, and held in abeyance in part by an order of the court entered on July 31, 2015, that resolved most of the issues herein.

I.

The facts of this case are set out fully in the court's previous memorandum opinion and order.  <u>See</u> Memorandum Opinion & Order, No. 2:14-cv-14438, 2015 WL 4621543 (S.D. W. Va. July 31, 2015).  Only a brief recapitulation is provided here.

The plaintiff, Marshall Justice, submitted a Freedom of Information Act request to the Mine Safety and Health Administration ("MSHA").  Justice sought all non-privileged

material related to MSHA's investigation of an administrative complaint earlier filed by Justice with the agency.  Of the 112 pages in the investigation file, MSHA eventually released fifty-one pages without redactions, released thirty-one with some redactions, and withheld thirty completely.

On July 31, 2015, the court ordered MSHA to reconsider its decision to withhold four of those pages, and to meet with Justice to attempt an amicable resolution of this dispute.  If an amicable resolution could not be reached, the court ordered MSHA to submit the disputed pages for in camera review.  Those four pages -- MSHA000090 through MSHA000093 -- are described in MSHA's Vaughn index as "Memoranda of Interview of MSHA inspectors by MSHA Section 105(c) complaint investigator, conducted in December of 2013," henceforth referred to as two "inspector MOIs."  Each memorandum consists of two pages.  As indicated by the Vaughn index, the first is comprised of MSHA000090 and 91 and the second is composed of MSHA000092 and 93.

MSHA released the inspector MOIs to Justice, with limited redactions, on August 18, 2015.  After meeting with Justice and failing to reach a private resolution, MSHA delivered unredacted copies of the inspector MOIs to the court for in camera review.

II.

MSHA maintains that it properly redacted specified portions of the inspector MOIs under either Exemption 5 or Exemption 7(C), as relevant, in keeping with its "longstanding practice of withholding special investigation statements taken from inspectors[.]"

A.

Exemption 5 was thoroughly explained in the court's order of July 31, 2015. See July 31, 2015, Order at pp. 20-22 (Exemption 5). Suffice it here to say that Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an[other] agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "Among the privileges Exemption 5 encompasses are the attorney-client privilege, the attorney-work product privilege, and the deliberative process privilege." Rein v. Patent & Trademark Office, 553 F.3d 353, 371 (4th Cir. 2009); see also Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (Exemption 5 requires presence of some separate, underlying evidentiary privilege to justify non-disclosure). Exemption 5, like other FOIA exemptions, is narrowly construed in favor of disclosure. Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

3

MSHA bases its Exemption 5 redactions of the inspector MOIs on the "deliberative process" privilege. The basic purposes of the deliberative process privilege are to "encourage frank discussion of issues within the government by insulating government employees from the chilling effect likely to occur were the process to be opened up to public scrutiny and to protect against public confusion resulting from disclosure of reasons and rationales that were not ultimately the basis for the agency's action." Keeper of the Mountains Found. v. Dept. of Justice, 514 F. Supp. 2d 837, 850 (S.D. W. Va. 2007) (Copenhaver, J.). It is meant to ensure that administrative decision-making is not done "in a fishbowl," so to speak. EPA v. Mink, 410 U.S. 73, 87 (1973) (citing S. Rep. No. 89-813, at 44 (1965)). To justify non-disclosure under the deliberative process privilege, MSHA must show that the inspector MOIs are both "predecisional" and "deliberative." Rein, 553 F.3d at 372. The court has found, and the parties do not dispute, that the inspector MOIs are predecisional.

MSHA aptly asserts that a single specified portion of each of the inspector MOIs is deliberative because each contains "specific opinion testimony related to the investigation," and "includes the opinions of MSHA inspectors regarding the merits of Justice's [MSHA] complaint." According to MSHA, the

4

testimony of the MSHA inspectors, if revealed, could "indicate what is important for special investigation purposes," and release of these statements "could impair the quality of inspectors' investigations." <u>Vaughn</u> Index at 7. In addition, a redacted phrase at the end of the middle paragraph of the second page of the first MOI (MSHA000091) is exempt as potentially indicating the process followed by MSHA in its investigation. The court concludes that MSHA has met its burden regarding its decision to withhold the portions of the first and second inspector MOIs redacted under Exemption 5.

B.

Exemption 7(C) was explained in the court's July 31, 2015, order. <u>See</u> July 31, 2015, Order at pp. 27-31. It is sufficient for present purposes briefly to note that Exemption 7(C) authorizes agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). By its terms, the standard is relatively easier for the government to satisfy than other exemptions, requiring only that it "could reasonably be expected" that disclosure would constitute an invasion of privacy. <u>See</u> <u>Dept. of Justice</u>

v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 756 n. 9 (1989) (concluding that Congress intended for Exemption 7 to be easier to invoke than other exemptions).

The parties do not dispute that the MOIs were compiled for law enforcement purposes. The relevant question, then, is whether disclosure of the portions of the two MOIs redacted under Exemption 7, specifically the MSHA inspectors' names and titles, "could reasonably be expected to constitute an unwarranted invasion of privacy." To make that determination, the court must weigh the public's interest in disclosure against the relevant privacy interests. Neely v. FBI, 208 F.3d 461, 463–64 (4th Cir. 2000).

Federal employees do not surrender their individual privacy interests simply by accepting federal employment. See Dep't of Defense v. FLRA, 510 U.S. 487, 497 (1994) (describing federal employees' privacy interest in their home addresses as "non-trivial" and "not insubstantial"); Judicial Watch, Inc. v. United States, 84 F. App'x 335, 339 (4th Cir. 2004); Neely, 208 F.3d at 464–65. Further, a member of the public seeking disclosure of information claimed to be exempt under Exemption 7(C) must "show that the public interest to be advanced [by disclosure] is a significant one," and that disclosure is "likely to advance that interest." Nat'l Archives and Records

Admin. v. Favish, 541 U.S. 157, 171 (2004). However, the public interest in disclosure of a federal agent's name is "negligible," Neely, 208 F.3d at 464, "non-existent" even, Dep't of Defense v. FLRA, 510 U.S. at 500.

Justice has provided no explanation as to how the names or titles of low-level MSHA inspectors would reveal information about the government's operations. The "negligible," "non-existent" public interest in disclosure of the agents' names or titles would be outweighed even by "a very slight privacy interest." Dep't of Defense v. FLRA, 510 U.S. at 500. It is heavily outweighed by the "not insubstantial" interest the MSHA inspectors have in the non-disclosure of their names and titles. Accordingly, MSHA has met its burden regarding the redactions made under Exemption 7(C).

III.

For the foregoing reasons, it is hereby ORDERED that:

1) MSHA's motion for summary judgment be, and it hereby is, granted insofar as Justice seeks disclosure of information in the inspector MOIs withheld under Exemption 5, as described above, and that Justice's motion for summary judgment be, and it hereby is, denied to the same extent; and

7

2) MSHA's motion for summary judgment be, and it hereby is, granted insofar as Justice seeks disclosure of information in the inspector MOIs withheld by MSHA under Exemption 7(C), as discussed above, and Justice's motion for summary judgment be, and it hereby is, denied to the same extent.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: March 29, 2016

John T. Copenhaver, Jr.
United States District Judge